## MAINE CENTRAL RAILROAD *vs.* COGGINS & LAPIER.

### January Term, 1898.

Present: Ross, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*V. S. 1298, sub. III.—Appeal from Justice—Pleading in Excuse that
Defendant Acted as Public Officer.*

That clause of V. S. 1298, sub. III., which entitles the defendant to an
appeal from the judgment of a justice when he pleads in good faith, in
excuse or justification, that he was acting as a public officer, does not
apply to a case where the defendant makes the claim for the first time
after judgment, although within the two hours allowed for the taking of
appeals.

PETITION for appeal from the judgment of a justice.
Heard upon petition and agreed case at the June Term,
1897, Caledonia County, *Taft*, J., presiding. Petition
dismissed. The petitioner excepted.

*Harry Blodgett* for the petitioner.

*Harland B. Howe, Bates, May & Simonds* with him, for
the petitionees.

ROWELL, J. This is a petition for an appeal from the judg-
ment of a justice. The action was trover for a mileage ticket.
Neither the *ad damnum* in the writ, nor the sum demanded by
the declaration, nor the specifications or exhibits of the
plaintiff on trial, exceeded twenty dollars; and the verdict
and judgment were for $18.05 damages and $13.20 costs. The
ticket contained a contract that it was good only for the
person in whose name it was issued, and that if presented
by any other person, the right to any remaining rides to
which the purchaser might have been entitled, should be
forfeited, and the conductor be authorized to take it up and
return it to the general ticket office as forfeited. The ticket
was presented by a person other than the one in whose

name it was issued, whereupon the conductor took it up, pursuant to the contract, and that was the alleged conversion.

After verdict and judgment, the petitioner, the defendant in the action, claimed in good faith that in operating its road it was a public officer, and was acting as such, as well as within the contract, in taking up the ticket, and therefore prayed for an appeal, which was denied, for that the action was not appealable.

The petitioner claims that the case comes within that exception of the statute which makes an action appealable, though not otherwise so, if the defendant in good faith pleads in excuse or justification that he was acting as a public officer. But it does not appear that the petitioner so pleaded, nor that it put its defence on that ground, but on the ground that the contract justified the act, and that is the ground it takes here. The claim that the petitioner was acting as a public officer was first made, as far as appears, when an appeal was prayed for. Hence it is not necessary to decide whether it was a public officer within the meaning of the statute, nor the effect of claiming that character in good faith, for the want of the requisite plea makes the claim unavailable as a ground of appeal.

*Judgment affirmed.*